CHARLES A. F. MORRIS AND WIFE,

*vs.*

PHEBE T. WATSON, impl'd, &c., et al.

In an action by the trustee under the act of the legislature entitled "an act prescribing rules and regulations for the execution of the trust arising under the act of Congress entitled an act for the relief of citizens of towns upon lands of the United States under certain circumstances," approved March 3, 1855, against a person to whom he had executed a deed for lands entered under said act, to foreclose a mortgage alleged to have been given to said trustee for his fees in and about the execution of the trust, the trustee and his representatives are estopped to deny that the grantee in the deed was the occupant and beneficial owner of the lands.

As a general rule, a power to sell and convey real estate, does not confer a power to mortgage, and a mortgage executed under a power of attorney authorizing the attorney to sell and convey, is void.

Where the trustee under the act above referred to executed and delivered a deed to A. for certain lands entered under said act, and B., having a power of attorney from A. to sell and convey her real estate, in order to procure the deed from the trustee, executed under his power of attorney in the name of A. a note and mortgage to the trustee for his fees in and about the execution of the trust, which fees were a charge upon the lands conveyed to A., but it does not appear that A. had any knowledge of the execution of the note and mortgage, and there is no allegation of any fraud in the transaction on the part of either A. or B. *Held:* That the taking of the mortgage by the trustee was voluntary, and with notice of the extent of the attorney's power, and the attorney not having authority under the letter of attorney to mortgage the land, the mortgage is void.

This action was brought in the district court for Hennepin county to foreclose a mortgage.

Morris et al. v. Watson et al.

It appears from the complaint: that prior to October, 1855, the lands described in the mortgage, with other lands, were a portion of the surveyed lands belonging to the United States; that in October, 1855, these lands were platted as the town of St. Albans, by Charles A. F. Morris, Charles S. Hargin and James McMahon, and the plat duly recorded; that on the 13th September, 1856, Moses Sherburne, sole judge of the county court of Hennepin county, duly entered the lands as a town site, pursuant to act of Congress of May 2, 1844, and at the time of such entry said Charles S. Hargin was entitled to the possession, and was in the actual occupation and possession of that portion of the lands described in the mortgage, and furnished the money necessary to be paid upon the entry of such portion of the lands; that after such entry, said Sherburne, as trustee, at the request of Charles S. Hargin, executed a deed of the lands described in the mortgage, to Mary C. Hargin, pursuant to the provisions of the act of the legislative assembly of Minnesota, entitled "an act prescribing rules and regulations for the execution of the trust arising under the act of Congress entitled an act for the relief of citizens of towns upon lands of the United States under certain circumstances," approved March 3, 1855; that said Sherburne had a claim for services, and for money expended in acquiring title to the lands for the town site, which was chargeable upon the lands described in the deed to Mary C. Hargin, which was agreed upon by and between said Charles S. Hargin and said Sherburne, and the mortgage sought to be foreclosed was executed by Charles S. Hargin, as the attorney in fact for Mary C. Hargin, under and by virtue of a power of attorney, to secure such claim; that the deed to Mary C. Hargin, and the mortgage to Moses Sherburne, were executed and delivered at the same time, though the instruments bore dif-

ferent dates, and were recorded at different times, the deed being dated and recorded at an earlier date than the mortgage; that the mortgage, and the power of attorney under which the same purported to be executed, were recorded on the same day; that the plaintiff, Mary Ellen Morris, is the assignee of the mortgage, and the defendants have some interest in the lands acquired subsequent to the mortgage.

The power of attorney above referred to is set out at length in the complaint, and the power therein given is in the following words: "To rent, bargain, sell and convey any and all real estate or personal property by me owned, and which I may hereafter own in the State of Minnesota, to collect rents, recover purchase money, or other consideration paid or to be paid, for any such real estate in fee, to the purchaser or purchasers thereof, and generally," &c., concluding with the formal parts. There is no allegation in the complaint of any fraud on the part either of Charles S. or Mary C. Hargin. The defendant Phebe T. Watson only appeared in the action, and interposed a general demurrer, which was sustained by the court below, and the plaintiffs appeal to this court.

MASTERSON & SIMONS for Appellants.

L. M. STEWART for Respondant.

*By the Court.*—McMILLAN, J.—The complaint alleges that the conveyance in this case to Mary C. Hargin, by Moses Sherburne, trustee, was made pursuant to the provisions of the act of the legislative assembly of the territory of Minnesota entitled "An act prescribing rules and regulations for the execution of the trust arising under the act of Congress entitled an act for the relief of citizens of towns

upon lands of the United States under certain circumstances," approved March 3d, 1855.

It must be presumed that Mary C. Hargin was the occupant and beneficial owner of the lands conveyed by the trustee, since occupancy by the beneficiary under the town site law was necessary to entitle her to the deed. *Carson et al. vs. Smith et al.*, 12 *Minn.*, 563. The trustee, the grantor in the deed, and his representatives are estopped to deny that fact in a proceeding of this kind. It is the general rule of law that a power to sell and convey real estate does not confer a power to mortgage.

The power of attorney in this case, executed by Mary C. Hargin to Charles S. Hargin, is a power to sell and convey only; therefore the mortgage executed by Charles S. Hargin, to Moses Sherburne under this power of attorney, is void.

But it is claimed by the plaintiffs that "Sherburne, the trustee, had a lien or charge upon the lands deeded by him to Mary C. Hargin, and mortgaged back to him for the amount of money expended by him, and for the services performed by him as trustee in the acquisition of the title to said land, and in the administration and execution of the trust relating thereto, amounting to $148; that the trustee refused to deliver the deed to Mary C. Hargin until said. sum should be paid or secured by the execution of the note and mortgage, and that the said note and mortgage were executed and delivered to Sherburne, by Mary C. Hargin, through her agent Charles S. Hargin, at the same time that the deed was delivered by Sherburne to Mary C. Hargin; that the delivery of the deed, and the receiving back of the mortgage, was, therefore, one transaction, and in the judgment of the law, the mortgage is as much a part of the deed, as though it were incorporated in it, and by the deed and

mortgage, Mary C. Hargin's interest in the land, is an estate upon condition, the condition being that she will pay the amount secured by the mortgage. The mortgage is the means by which she acquired a title to the land, and she cannot hold the land and repudiate the mortgage." Unfortunately for the plaintiffs, there are several fatal objections to the application to the facts in this case, of the principle invoked by the plaintiff's counsel. There is no allegation of fraud upon the part of Charles S. Hargin or Mary C. Hargin; the delivery of the deed by Sherburne, therefore, was entirely voluntary, and he cannot claim that it was not valid. Authority to mortgage real estate can only be conferred by power of attorney; in this instance no valid power existed. The mortgage, therefore, as to Mary C. Hargin was absolutely void; the deed, therefore, was not affected by the mortgage, but entirely independent of it, and Mary C. Hargin would hold the land described in the deed discharged of the lien of the mortgage. If as to Mary C. Hargin the mortgage was void, and the plaintiffs have no rights under it, of course one who has purchased from her in good faith can be in no worse condition. The action being brought to foreclose the mortgage, the complaint does not state facts sufficient to constitute a cause of action.

It is not necessary to consider any further questions which may arise. The order sustaining the demurrer is affirmed.